# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MICHELLE DUNHAM-KIELY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | No. 3:08-cv-114<br>(Phillips) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion to Dismiss for Lack of Jurisdiction [Doc. 6]. Defendant requests that the Court dismiss plaintiff's complaint under Rules 12(b)(2), 12(b)(5), 4(i), and 4(m) of the Federal Rules of Civil Procedure. [*Id*.]. In particular, defendant argues that plaintiff failed to timely serve the United States Attorney General in the manner specified in Rules 4(i) and 4(m) of the Federal Rules of Civil Procedure. [*Id*.].

There are two issues before the Court. First, has the plaintiff shown "good cause" for failing to effect service within the 120-day deadline? Second, in the absence of "good cause," should the Court exercise its discretion to allow the case to go forward?

For the following reasons, defendant's Motion to Dismiss [Doc. 6] is **DENIED, whereby plaintiff is afforded 30 days from entry of this Order to effect service on the United States Attorney General. Failure to serve the United States Attorney General within this time will result in dismissal without prejudice of plaintiff's lawsuit.**

**I.   INTRODUCTION**

1

This action arises out of an automobile accident involving the plaintiff and an employee of the United States Postal Service. The accident occurred in Knoxville, Tennessee, on July 20, 2006. Plaintiff alleges that the United States employee acted negligently in violation of the Federal Tort Claims Act, 28 §§ U.S.C. 2671, *et seq*.

On March 31, 2008, plaintiff filed her complaint. On April 28, 2008, plaintiff timely served a copy of the summons and complaint upon the United States District Attorney for the Eastern District of Tennessee, as required by Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. However, plaintiff failed to serve a copy of the summons and complaint upon the United States Attorney General within 120 days after the complaint was filed, as required by Rule 4(i)(1)(B) of the Federal Rules of Civil Procedure. Plaintiff did not effect service until December 24, 2008- well past the 120-day deadline.

On January 14, 2009, the United States of America (hereafter, the "defendant") moved to dismiss this action for lack of personal jurisdiction. [Doc. 6]. Defendant argues that the action should be dismissed under Rules 12(b)(2), 12(b)(5), 4(i), and 4(m) of the Federal Rules of Civil Procedure. [*Id.*]. In particular, defendant argues that plaintiff did not timely serve the United States Attorney General. [*Id.*].

Plaintiff has responded to the Motion to Dismiss by attempting to show "good cause" for failing to effect timely service. [Docs. 11, 12]. In addition, plaintiff argues that even if the Court determines that she failed to show "good cause," the Court should exercise its discretion to allow the case to go forward. [*Id.*]. Defendant has replied. [Doc. 16].

II.     **ANALYSIS**

    A.     **Introduction**

To serve process on the United States of America, a plaintiff must (1) deliver a copy of the summons and complaint to the United States District Attorney for the district where the action is brought; and (2) send a copy of the summons and complaint to the United States Attorney General. *See* Fed. R. Civ. P. 4(i)(1)(A) and (B). Rule 4(m) requires that service be effected within 120 days after the complaint is filed.

In this case, plaintiff failed to serve the United States Attorney General within the 120-day deadline. *See* Fed. R. Civ. P. 4(i), 4(m). When a party fails to effect timely service, the court must undertake a two-step analysis.[1] *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (table) (6th Cir. Nov. 21, 2000). First, the court must determine whether the plaintiff has shown "good cause" for failing to effect timely service. *Id*. If the plaintiff shows "good cause," then the court must extend the time for service. *Id*. Second, if the plaintiff has not shown "good cause," the court must decide whether to permit late service or dismiss the action. *Id*. While this test was adopted by the Sixth Circuit in an unpublished opinion, the Court finds its reasoning persuasive. *See Thompson v. N.Am. Stainless, LP*, 567 F.3d 804, 809, n.2 (6th Cir. 2009) (en banc) (recognizing that while unpublished opinions are not precedentially binding, they "may be considered for their persuasive value.").

Defendant wants the Court to apply a different test. [*See* Doc. 16 at 4-5]. Defendant argues that "in the absence of good cause, as a matter of logic, a court necessarily is determining whether the neglect that resulted in a party's untimeliness in serving another party is excusable." [*Id*. at 6]. In other words, defendant wants the Court to (1) determine whether plaintiff has shown "good

---

[1] Absent a showing of "good cause," the court "must either (1) dismiss the action or (2) direct that service be effected within a specified time. In other words, the court has discretion to permit late service even absent a showing of good cause." *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (table) (6th Cir. Nov. 21, 2000) (internal citations and quotation marks omitted).

cause" for failing to effect process within the 120-day deadline; and (2) in the event that plaintiff did not show "good cause," the Court should apply an "excusable neglect" standard to determine whether an extension of time should be granted. The problem with defendant's logic is that the two tests are essentially the same.[2] *See Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (recognizing that "good cause" requires *"at least as much as would be required to show excusable neglect . . ."*). Thus, if the Court accepted defendant's argument, the plaintiff would always have to show "good cause" to avoid dismissal for failing to effect process within the 120-day deadline. This contradicts the purpose of the 1993 amendment to Rule 4(m), which gave district courts the discretion to allow cases to go forward in the absence of "good cause."

The 1993 amendment was a departure from the previous Rule 4(j), which required mandatory dismissal in the absence of "good cause." *See* Fed. R. Civ. P. 4(j) (1984). That rule provided, in

---

[2] Defendant relies upon a published Sixth Circuit decision, *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005), to support its argument that the Court should apply an "excusable neglect" standard before granting discretionary relief under Rule 4(m) of the Federal Rules of Civil Procedure. [Doc. 16 at 6-7]. Understanding *Turner* is important because defendant relies upon it for the proposition that "good cause" and "excusable neglect" are different standards. However, *Turner* actually stands for the opposite proposition: in determining whether to grant an extension of time for a plaintiff who failed to effect service within the 120-day deadline, the standard for showing "good cause" is the same as "excusable neglect." *See Turner*, 412 F.3d at 649-50.

One of the issues in *Turner* was whether the district court abused its discretion by denying the plaintiff's Motion to Re-Issue Summonses. *Id.* at 649. The plaintiff did not effect process within the 120-day deadline, and filed a motion for an extension of time. *Id.* In determining whether the district court abused its discretion, the Sixth Circuit asked one question: did the district court abuse its discretion in finding that the plaintiff failed to show "excusable neglect?" In reaching its conclusion, the Sixth Circuit used the terms "good cause" and "excusable neglect" interchangeably. *Turner*, 412 F.3d at 650. The court never once suggested that they are different standards: "Because Plaintiff moved to reissue the summonses . . . more than 120 days after the filing of his complaint, he must show that his failure to act was the result of excusable neglect." *Id.*

Contrary to defendant's argument, the court in *Turner* did not apply an "excusable neglect" standard to determine whether the district court properly exercised its discretion in the absence of "good cause." Rather, the court in *Turner* conflated "good cause" with "excusable neglect" in affirming the district court's decision to deny the plaintiff's Motion to Re-Issue Summonses.

4

relevant part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action *shall* be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed. R. Civ. P. 4(j) (1984) (emphasis added). Under Rule 4(j), if the plaintiff did not show "good cause" for failing to effect process within the 120-day deadline, the court was required to dismiss the action. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (holding that under previous Rule 4(j) of the Federal Rules of Civil Procedure, that "[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal."). There was no discretion to allow the suit to go forward in the absence of "good cause." *Id.*

In 1993, subsection (j) was amended and replaced with subsection (m). Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against the defendant *or order that service be made within a specified time*. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). Thus, under Rule 4(m), the Court may require the plaintiff to show "good cause" for its failure to effect service within the 120-day deadline. Alternatively, the Court may excuse the failure even in the absence of "good cause." Ultimately, it is within the Court's discretion to decide whether the case goes forward.

The Advisory Committee Note to 4(m) provides support for this interpretation: "The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause*

*shown.*" Advisory Committee Note to Rule 4(m) of the Federal Rules of Civil Procedure (emphasis added). The Supreme Court, relying upon this advisory committee note, has indicated that Rule 4(m) affords district courts the discretion to allow a suit to go forward in the absence of "good cause." *Henderson v. United States*, 517 U.S. 654, 662 (1996) (noting that Rule 4(m) affords "[district courts] discretion to enlarge the 120-day period 'even if there is no good cause shown.'") (quoting Advisory Committee Note to Rule 4(m) of the Federal Rules of Civil Procedure). While it may be dicta, the Supreme Court's dicta is "of persuasive precedential value." *Jordon v. Gilligan*, 500 F.2d 701, 707 (6th Cir. 1974). In addition, because there "is no clear precedent to the contrary," this Court will not "ignore the [Supreme] Court's dicta." *Wright v. Morris*, 11 F.3d 414, 419 (6th Cir. 1997).

Most courts of appeal also recognize that Rule 4(m) gives district courts the discretion to allow a case to go forward in the absence of "good cause." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *DeTie v. Orange County*, 152 F.3d 1109, 111, n.5 (9th Cir. 1998); *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995). Courts within the Sixth Circuit also agree. *Turner v. Grant County Detention Center*, F.Supp. 2d, 2007 WL 1433930, at *2 (E.D. Ky. May 10, 2007); *Davidson v. Weltman, Weinberg & Reis*, 285 F.Supp. 2d 1093, 1095 (S.D. Ohio 2003); *Liddy v. Baumgart*, No. 1:07-CV-3165, 2009 WL 537584, at * 2 (N.D. Ohio Mar. 4, 2009); *In re Lopez*, 292 B.R. 570, 574 (E.D. Mich. 2003) (recognizing that Rule 4(m) "does not mandate a showing of good cause as a prerequisite for the court's exercise of discretion to extend time for service of a summons and complaint.").

Based upon the foregoing, the Court rejects defendant's argument that it must apply an

"excusable neglect" standard in the event that the plaintiff fails to show "good cause." As the Court has already explained, "good cause" and "excusable neglect" are the same standard, and the majority of courts recognize that Rule 4(m) allows cases to go forward even in the absence of "good cause."

The Court will now determine: (1) whether plaintiff has shown "good cause" for failing to effect process within the 120-day deadline; and (2) in the event that plaintiff failed to show "good cause," should the Court allow the case to go forward?

### B. Plaintiff Has Not Shown "Good Cause" for Failing to Effect Process Within the 120-Day Deadline

Under Rule 4(m) of the Federal Rules of Civil Procedure, if the plaintiff shows "good cause" for failing to effect service within the 120-day deadline, then the court *must* extend the time for service. Fed. R. Civ. P. 4(m). It is the plaintiff's burden to establish "good cause." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994); *Williams v. Vogelphl*, No. 983142, 1999 WL 96748, at *2 (6th Cir. Mar. 8, 1999) (holding that the party who failed to effect service within the 120-day deadline has the burden of establishing "good cause").

Although Rule 4(m) does not define "good cause," the Sixth Circuit has stated this "requires at least excusable neglect." *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (table) (6th Cir. Nov. 21, 2000) (citing *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)). For example, courts should consider whether the plaintiff has made reasonable and diligent efforts to effect service. *Habib*, 15 F.3d at 74. "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice . . ." *Moncrief*, 961 F.3d at 597.

In this case, plaintiff waited over two hundred days to serve process on the United States Attorney General. During the initial 120-day period, plaintiff received multiple notifications that service on the Attorney General had not been achieved. [See Docs. 3, 4]. Plaintiff even admits that

she cannot establish "good cause" for failing to effect process: "Plaintiff candidly admits that she will be hardpressed to establish good cause in her failure to timely serve the Attorney General." [Doc. 12 at 9].

Plaintiff has provided affidavits from persons working in the office of plaintiff's former attorney, Tony Farmer. Having reviewed the affidavits, the Court finds that plaintiff's argument concerning "good cause" consists of nothing more than finger-pointing. According to the affidavits, multiple persons are responsible for the failure to serve process: Dale Darby (a law student employed at the office), John Dreiser (an employee who may have read the electronic filings related to the defendant's motion filed on May 29, 2008, and the Court's Order entered on June 3, 2008), Barbara Gibson (the designated recipient of electronic filing notices generated by the Court's CM/ECF system, who claims that she was unable to open documents transmitted to her from the CM/ECF system), and Tony Farmer (plaintiff's former attorney who was ultimately responsible for serving process upon the United States Attorney General, and claims that he relied on others to complete the task).

Simply put, the negligence on the part of plaintiff's attorney does not constitute "good cause." This is the type of "simple inadvertence or mistake of counsel" that courts routinely hold as insufficient. *Moncrief*, 961 F.3d at 597. However, while the Court finds that plaintiff failed to establish "good cause," it still must determine whether it should exercise its discretion to allow the case to go forward.

C.     **The Court Exercises Its Discretion to Allow the Case to Go Forward**

In *Stewart v. Tennessee Valley Authority*, the Sixth Circuit recognized that district courts have the discretion to allow cases to go forward even when the plaintiff did not show "good cause" for failing to effect service within the 120-day deadline. 238 F.3d 424, 2000 WL 1785749, at *1

(table) (6th Cir. Nov. 21, 2000). To determine whether the case should go forward in the absence of "good cause," courts have applied the following factors, including whether:

    (1)    A significant extension of time was required;

    (2)    An extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit;

    (3)    The defendant had actual notice of the lawsuit;

    (4)    A dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and

    (5)    The plaintiff had made any good faith efforts at effecting proper service of process.

*In re Lopez*, 292 B.R. 570, 576 (Bkrtcy. E.D. Mich. 2003); *In re Goins*, 2006 WL 2089922, at *5 (Bkrtcy. E.D. Tenn. July 6, 2006); *Taylor v. Stanley Works*, 4:01-cv-120, WL 32058966, at *7 (E.D. Tenn. July 16, 2002). Before applying these factors, it is important to recognize what they are used for. These factors are not used to evaluate whether the plaintiff has shown "good cause" for failing to effect service within the 120-day deadline. Rather, district courts apply these factors so that the Sixth Circuit can decide whether the district court abused its discretion in dismissing an action for insufficient service of process. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (recognizing that the Sixth Circuit reviews district courts' decisions to dismiss an action for insufficient service of process under an abuse-of-discretion standard). District courts are not limited to these factors, and may consider anything that is relevant and equitable.

As for the first factor, the complaint in this proceeding was filed on March 31, 2008. Plaintiff served the United States Attorney General on December 24, 2008, which is 247 days after the complaint was filed. This would require a 147-day extension, which is significant. Accordingly, the Court finds this factor weighs in favor of defendant.

With respect to the second factor, defendant argues that it would be prejudiced due to the lapse in time between plaintiff's alleged injuries and the prosecution of this case. [*See* Doc. 16]. In this context, prejudice "contemplates loss of evidence, unavailability or other material alteration caused by the delay that would prevent the Debtor from presenting his case."). *Barr v. Barr*, 217 B.R. 626 (Bkrtcy. W.D. Wash. 1998). Defendant argues that "if Plaintiff were allowed to proceed with this case, the delay in her prosecution of the case would mean that a medical professional will have been delayed in examining Plaintiff to determine the cause of her alleged soft-tissue injuries." [Doc. 16 at 7]. It is important to remember that plaintiff filed suit under the Federal Tort Claims Act for injuries that allegedly resulted from an accident in July 2006. The Court agrees that the lapse in time could have a prejudicial effect on the defendant, and therefore finds this factor weighs in favor of the defendant.

As for the third factor, the Court finds that defendant had actual notice of the lawsuit during the initial 120 days. The United States District Attorney for the Eastern District of Tennessee was served with a copy of the summons and complaint on April 28, 2008, less than one month after the complaint was filed. Defendant filed motions and notices during the initial 120 days, which indicates that it was aware of the proceedings. [*See* Docs. 3, 5, both of which were filed during the initial 120-day period]. Accordingly, this factor weighs in favor of plaintiff.

As for the fourth factor, the Court finds that dismissal would substantially prejudice the plaintiff. If plaintiff's action were dismissed without prejudice, it would have the same effect as dismissal *with* prejudice because the statute of limitations has run. The Advisory Committee Note to Rule 4(m) states that extension of time may be justified "if the applicable statute of limitations would bar the refiled action." Dismissing this lawsuit would unfairly penalize plaintiff for the negligence of her attorney, and would create a permanent bar to future actions based on the same

facts. Accordingly, this factor weighs heavily in favor of plaintiff.

Finally, the Court finds that plaintiff made good faith efforts to effect service. While the United States Attorney General was not served with process during the initial 120 days, counsel for plaintiff served the United States District Attorney for the Eastern District of Tennessee within one month after the complaint was filed. There is no evidence that plaintiff acted in bad faith in failing to effect service. Accordingly, this factor weighs in favor of plaintiff.

In conclusion, he Court finds that each factor, except the first and second, weigh in favor of extending the time for service. In particular, the Court notes that dismissal would permanently bar the plaintiff from bringing an action based on the same facts. While Rule 4(m) should not be easily dispensed with, the Court finds that the interests of justice outweigh any procedural consideration. As the Sixth Circuit has explained, "there is a strong preference for trials on the merits . . . courts are generally loath to penalize litigants for the negligence of their attorneys." *In re Love*, 3 Fed. Appx. 497, 498, 2001 WL 182373 (6th Cir. Feb. 12, 2001) (citing *Buck v. U.S. Dept't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992) (expressing reluctance to uphold dismissals "merely to discipline an errant attorney because such a sanction deprives the client of his day in court")). Accordingly, defendant's Motion to Dismiss [Doc. 6] is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss [Doc. 6] is **DENIED, whereby plaintiff is afforded 30 days from entry of this Order to effect service on the United States Attorney General**. **Failure to serve the United States Attorney General within this time will result in dismissal without prejudice of plaintiff's lawsuit.**

**IT IS SO ORDERED**.

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge